# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTOR MANUEL LOPEZ-GARCIA,<br><br>    Petitioner/Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent/Plaintiff. | Case No. CIV-09-392-RAW<br>(Underlying Case No. CR-06-006) |

## ORDER

Before the court is Petitioner's motion titled "motion requesting certificate of appealability pursuant to title 28 U.S.C. § 2253" [Docket No. 12]. Because Petitioner's motion is untimely, the court construes it as a motion for extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5).[*] Also before the court is Petitioner's motion for leave to proceed *in forma pauperis* [Docket No. 13].

Defendant initially filed his 28 U.S.C. § 2255 motion on October 13, 2009, more than ten months beyond his deadline for filing such a motion. The court denied Petitioner's § 2255 motion as untimely on March 5, 2010. The court found, *inter alia*, that Petitioner had not established that he diligently pursued his claims or demonstrated that his failure to timely file a § 2255 motion was caused by extraordinary circumstances beyond his control.

Petitioner did not appeal that judgment. Instead, on October 22, 2010, more than seven months after the judgment was entered against him, Petitioner filed a motion to reconsider. The

---

[*]Rule 11(b) of the Rules Governing Section 2255 Proceedings provides: "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules."

court denied that motion on November 10, 2010, finding that the motion was untimely and unjustified.

On December 16, 2010, Petitioner filed the instant motion. In this motion, he argues that he untimely filed his § 2255 motion because his defense attorneys did not provide him with a copy of his case file or trial transcript. Again, however, Petitioner did not established that he diligently pursued his claims or demonstrate that his failure to timely file a § 2255 motion was caused by extraordinary circumstances beyond his control.

Petitioner further asserts that he sent his motion for reconsideration to the court in March, but he provides nothing that would prove this assertion. Petitioner also argues that he is at the mercy of the prison authorities when he sends his mail. He suggests that perhaps his mail is lost or destroyed by prison officials. Petitioner's suggestion is neither sufficient to show that Petitioner diligently pursued his claims, nor that any of his mail was, in fact, lost or destroyed.

Rule 4(a)(B) of the Federal Rules of Appellate Procedure provides 60 days after the judgment or order appealed from is entered to file an appeal in any case in which the United States is a party. The "time periods established by Fed. R. App. P. 4(a) are 'mandatory and jurisdictional.'" Senjuro v. Murray, 943 F.2d 36, 37 (10th Cir. 1991). If Petitioner was planning to file an appeal following this court's denial of his § 2255 motion, his deadline to do so was May 4, 2010. Additionally, Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that a "motion to reconsider a denial does not extend the time to appeal."

Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that the district court may extend the time to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed

2

before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

Petitioner requests an extension of time to file an appeal from the denial of his § 2255 motion. Part (i) of Rule 4(a)(5) is clearly not applicable; and thus the motion must be denied. Moreover, Petitioner has not satisfied part (ii) of Rule 4(a)(5). He has failed to show excusable neglect or good cause.

Accordingly, his motion [Docket No. 12] is DENIED. The motion to proceed *in forma pauperis* [Docket No. 13] is, therefore, MOOT.

It is so Ordered this 15th day of April, 2011.

Ronald A. White
United States District Judge
Eastern District of Oklahoma